## BYINGTON *v.* BOOKWALTER.

Where land has been sold for taxes, the purchaser acquires the legal title, subject to redemption by the owner, or some one having an opposing interest therein; and persons having no right nor interest in it, cannot divest him of his interest by a redemption; nor can the owner avail himself of a redemption made by a third person having no interest in the land, to divest the title of the purchaser at the tax sale.

In a proceeding to foreclose the equity of redemption under a tax deed, where a party claims title to the land, and on his own motion, is admitted a party defendant, admission to defend does not determine his title to the land; and when such defendant properly sets up his claim to the land in an answer, the plaintiff may take issue upon it.

In a proceeding to foreclose, the equity of redemption under a tax deed, the certificate of redemption of the county treasurer, is not conclusive evidence as to the amount to be paid for redemption.

Where in a proceeding to foreclose the equity of redemption under a tax deed, after the defendant had offered in evidence, a certificate of redemption of the county treasurer, issued after the commencement of the suit, the plaintiff offered to prove the payment of subsequent taxes on the land, and also offered to prove, by the clerk of the district court, that all of the costs in the action had not been paid, which evidence was rejected by the court; *Held,* That the court erred in rejecting the evidence.

The failure of a county treasurer, to enter a memorandum of the redemption of land, in the list of tax sales, is not sufficient to invalidate the redemption of the land. The party redeeming cannot be held responsible for the omission of the officer.

Where a cause in equity is not in such a position that a final decree can be rendered in the appellate court, the decree of the court below will be reversed, and the cause remanded.

### *Appeal from the Johnson District Court.*

### MONDAY, APRIL 4.

The plaintiff purchased the land in controversy on the 1st of June, 1855, at a sale of lands for delinquent taxes, assessed for the year 1854, in Johnson county, and took a deed. In December, 1855, a bill was filed by the petitioner against Josiah Bookwalter, as owner, to foreclose the equity of redemption. In June, 1866, John M. Wheeler filed his motion to be made a party defendant, and for leave

Byington v. Bookwalter.

to defend, representing that he was owner of the land in question. At the succeeding October term, this motion was granted, and Wheeler filed an answer in his defense, pleading that on the 27th of May, 1856, he redeemed the land from the said sale, by paying to the treasurer of the county, all taxes, interest, and costs, which were due on the same. Bookwalter also filed an answer, pleading a like redemption on the same day. To these, the petitioner replied, denying the redemption, and denying that Wheeler was the owner of the land.

The decree was that the bill be dismissed. Though the case is in equity, a bill of exceptions was filed, by which it appears, that on the trial, at the July term, 1857, the defendant, Bookwalter, to maintain the issue on his part, offered in evidence a certificate purporting to be signed by the treasurer of the county, which is to the effect that on the 27th of May, 1857, John M. Wheeler paid into his office, the sum of $12,80 to redeem certain land, (the parcel in controversy), which was sold to Le Grand Byington, &c., and that the said sum was held by him for the use of the said purchaser. The petitioner objected to the admission of this receipt, and the objection was overruled.

The bill of exceptions further states that the defendant offered no other or further evidence. The petitioner then proved by S. Batcheller, the clerk of the court, that on May 27th, 1856, the taxable costs in this cause amounted to $9,45, a part of which (clerk's and sheriff's fees), appeared to be paid, and the remainder were not paid. The plaintiff also offered to prove the payment by him, of all taxes which had been levied upon the land subsequent to the 27th of May, 1856, but the court refused to hear evidence of such payments; and upon the foregoing evidence, the court found the issues in favor of the defendant, and ordered that the bill be dismissed. The plaintiff appeals.

*Le Grand Byington, pro se.*

*Clark & Brother*, for the appellees.

WOODWARD, J.—It appears that Bookwalter alone actually made defense, upon the trial, and that no evidence was introduced to show the title, or any interest, in the land, to be in Wheeler.

. One of the questions presented is, whether any person who pleased, and having no interest in the land, could redeem it; and whether Bookwalter, the owner, could avail himself of such redemption. By the sale, the purchaser acquires a valid and substantial interest in the land—he acquires the legal title, subject to redemption by the owner, or some one having an opposing interest. His position is, by the statute, made to resemble that of a mortgagee at common law. Third persons—those having no right nor interest in it—have no right to divest him of his interest. The doctrine concerning redemption, generally, is, that one having any right, or any interest, may redeem; but a mere stranger cannot intermeddle in it. Had Wheeler been Bookwalter's agent, that would have been sufficient, and he probably might have shown this, although the receipt is in the name of the former. But here they do not pretend this; and, on the contrary, Wheeler pleads title in himself, claims the land, and sets up the redemption as for himself; and he, failing to show a title, Bookwalter claims the benefit of the act as his own. He could not legally do this.

. But the defendant claims that the question of Wheeler's title could not arise on the trial, as that was determined on his motion to be made a party. This is not a correct view of the practice. The pleadings in this case are not very regular, but we view them according to the proper legal intent. Upon the party applying to be made defendant, and satisfying the court that there is probable ground, the court admits him; but the title cannot be contested and tried on such motion. Upon such defendant properly setting up his claim in an answer, the plaintiff may take issue upon

it. This was the course of the petitioner here, and it was correct.

Another question presented, arises upon the receipt of the treasurer. The defendant held that conclusive as to the amount to be paid for redemption, and the court sustained this view, and refused to receive the proof of the petitioner, that he had paid subsequent taxes, and set aside the testimony of the clerk, that all of the costs in this action were not paid. The statute, (sections 503, 505), gives the purchaser the right to any subsequent taxes which he may have paid, and makes them a lien on the land, and gives him the costs of the suit, to be taxed by the clerk of the district court. Here are three items to be paid by the person redeeming—the purchase money, the subsequent taxes paid, and the costs of suit. These pertain to two different offices, and the incumbent of the one cannot know what exists in the other. It is apparent, in the nature of the case, that the treasurer's receipt cannot be conclusive upon all these. The clerk of the court is expressly appointed to assess what is due in his office. It is the duty of the person seeking to redeem, to inquire and see that he ascertains from the two offices the amounts to be paid. The responsibility is on him; but the certificate of the clerk and treasurer would be the proper evidence of amounts due on particular subjects—such as the clerk's certificate of the costs payable. A question, however, may arise as to how he is to find whether anything, and what, is payable for subsequent taxes; but it does not present itself here, as the defendant does not show any attempt to find them, nor any tender for them.

The certificate of the treasurer was not final and conclusive upon the amount payable for redemption; nor does it purport to state this. It is simply the acknowledgment that Wheeler has paid so much to redeem the land, and the officer properly leaves it to the party concerned, to determine whether this is all that is required. The court, therefore, erred in disregarding the testimony of the clerk, that

the cost was not all paid, and in rejecting the evidence of the payment of subsequent taxes, and in holding the treasurer's receipt conclusive upon the amount payable for redemption.

That the treasurer did not enter the memorandum of redemption in the list of sales, is not sufficient to invalidate the redemption. The person redeeming, cannot be held responsible for this omission; but, if any injury result, the officer would be liable.

Some doubt exists upon the position of the two defendants. The action was brought against Bookwalter, thus recognizing him as the owner. Wheeler claims to be the owner, and asks to be admitted to defend. Do they both remain defendants, or is Wheeler substituted for the first defendant? Each claims to be owner, as if sole owner, which, of course, cannot be. If Bookwalter admitted the title of Wheeler, he would necessarily no longer remain a party. But if they were claimants adverse to each other, or if Wheeler claimed to be a joint owner with Bookwalter, or to hold some interest under him, these things should be stated, and be made properly to appear, that the court might know how the parties stood. In view, however, of the position of the case, we will not determine finally upon the effect of these things, and the cause will not be permitted to turn upon them.

If the cause were before us regularly, as one in equity, to be finally adjudicated here, there might arise a question upon the receipt offered, as one of 27th of May, 1856, is pleaded, whilst the exhibit is dated in 1857; but as the cause must go back, we merely make the suggestion to the party offering it.

The petitioner asks that a decree be rendered in this court, if the decree below is reversed. The position of the cause is such that this cannot be done. It has been conducted, partly as if in law, and partly as in equity. Some of the testimony was oral, and is not before us, though the bill of exceptions gives the effect of it. But, still more,

some evidence offered by the petitioner was excluded, and is not here in any form. The decree must be reversed, and the cause remanded, with directions that the court determine, under new pleadings, who is defendant, having title; or that both these respondents are so, under an answer showing a joint interest; and that a new trial be had in a manner consistent with this opinion.

The decree is reversed, and the cause remanded.