BYINGTON v. WALSH, *et al.*

1. PARTY: INTEREST IN LANDS.   The purchaser of lands at a sheriff's sale under an execution against the owner thereof, acquires such an interest therein that he may be properly made a party to a proceeding to foreclose a tax title to the same; and it makes no difference whether he acquired his title before or after the tax sale.

2. EVIDENCE: DEED.   Where the purchaser of real property at a sheriff's sale was made a party defendant, and filed his answer, in a proceeding to foreclose a tax title thereto before the execution of the sheriff's deed, but the deed was executed before the cause was reached for trial; it was held that the deed was admissible in evidence for the purpose of showing the defendant's title.

3. TAX SALE.   The purchaser at a tax sale can not recover for taxes paid on the real property purchased after redemption.

*Appeal from Johnson District Court.*

SATURDAY, OCTOBER 6.

CERTAIN lands, in controversy in this action, owned by one Walsh were, on the 24th day of April, 1854, sold for taxes by the Treasurer of said county to the plaintiff Byington. On the 5th day of December, 1855, the plaintiff commenced this action to foreclose his tax title. On the 6th day of December, in the same year, the same property was sold by the sheriff of said county, as the property of

Walsh, to the defendant Freeman. On the 2nd day of June, 1856, Freeman redeemed said lands by paying to the treasurer the delinquent taxes, interest and costs. On the 14th day of October in the same year, he was, by leave of court, made a party defendant in this proceeding, and filed his answer setting up the foregoing facts.

On the trial the defendant offered in evidence the certificate of redemption executed by the treasurer, and the deed of the sheriff conveying the property pursuant to the above mentioned sale; to the introduction of which the plaintiff objected. The plaintiff offered evidence to show that he had paid the taxes which had accrued upon the property after the redemption by the defendant on the second day of June, 1856, which the court refused to recieve. To the ruling of the court in admitting the evidence offered by the defendant and in refusing to recieve that offered by the plaintiff exceptions were taken and they are now assigned as error. The plaintiff appeals.

*LeGrand Byington, pro se,* relied upon *Byington* v. *Bookwalter* 7 Iowa 512.

*Clarke & Davis,* for the appellee, argued that *Byington* v. *Bookwalter,* is not applicable to this case.

WRIGHT J.—1. Freeman was properly made a party defendant on his motion. The record shows that he had an interest in the land, and in this respect the case differs from that of *Byington* v. *Bookwalter,* 7 Iowa, 512. The purchase of the land by Freeman under an execution against Walsh, (the owner of the land at the time of the tax sale) whether made before or after such tax sale, gave him such an interest as to justify the court in making him a party defendant. And it could make no difference that he obtained the sheriff's deed, predicated upon his certificate, after he was made defendant and filed his answer.

II. The amount paid by Freeman to redeem we understand

from the record to be fully sufficient to meet all that plaintiff had paid according to the averments of his petition, with interest thereon, and the costs as testified to by the clerk. Plaintiff says that he paid at the tax sale $1,82, June, 1855, and on the 15th of November, 1855, $0,68 taxes. This action was commenced December 5th 1855, and on the 2nd June 1856, Freeman paid to the treasurer $12,50 for the redemption of the land. The clerk testifies that the taxable costs at that time were $9,45. Allowing 25 per cent interest on the amount paid by plaintiff for taxes and charges, and the aggregate sum with costs, will be found to make on the 2nd June 1856, within a fraction of a cent of $12,50.

III. Plaintiff had no right in this action to be repaid the taxes paid by him *subsequent* to the redemption by Freeman. *Byington* v. *Allen ante.*

Judgment affirmed.