## SUPREME COURT.

DANIEL PRATT and another agt. HENRY W. SHORT and
GEORGE D. LEONARD.

*Action on promissory note made byp laintiff to the order of, and indorsed by
defendants and delivered by them to a safe deposit company who discounted
same — Complaint contains count upon note and indorsement, also for money
had and received — Defense, that the corporation exceeded its corporate powers
in discounting the note, not good — Assignee proper person to sue.*

In an action by the assignee of The People's Safe Deposit Company, incor-
porated under chapter 816 of Laws of 1868, page 1839, on a note made
by V. C. to the order of, and indorsed by, defendants, and by them
delivered to said deposit company, who took the same and paid the
defendants the amount of the note, less the discount, at the legal rate of
interest, the complaint contained a count upon the note and its indorse-
ment, also for money had and received. The defense alleged that the
corporation had no right, under its charter, to discount the note or to
enter into the transaction of discount or loan set out in the complaint:

*Held,* that as the defendants were willing, at the time they presented the
note to the company's officers and asked for the money upon it, to assume
and act as though they believed the officers of the company had power
to discount the note, it is highly inequitable to allow them, when called
upon to pay back the money, to make good their promise, made at the
time of the loan, to insist that the company exceeded its charter powers
when it parted with its money.

The defendant cannot resist payment, on the ground that the corporation
in taking the note had passed the bounds of their charter.

This court will not, in a collateral way, decide a question of *misuser* of a
safe deposit company organized under a statute of this state. If they
exceed their powers the remedy is with the legislature.

The invalidity of contracts made in violation of statutes is subject to the
equitable exception, that although a corporation in making a contract
acts in disagreement with its charter when it is a simple question of
*capacity* or *authority* to contract, a party who has the benefit of the
agreement cannot be permitted, in an action founded on it, to question
its validity. The defendant cannot be permitted to repudiate a contract

the fruits of which he retains. Assuming that the note and indorsement were void when taken by the corporation, then the same being avoided by the defendants, the money should be returned to the lender or its assignees, for, in equity, the money should never have been taken by these defendants upon a voidable or void security. The action for money had and received will lie under such circumstances. The transaction was not *malum in se*, and the lender may recover.

The assignees of an insolvent corporation have power to sue for and recover the assets of such insolvent corporation which have been improperly parted with by the corporation.

*Onondaga Circuit, September*, 1877.

ACTION upon a note made by Alex. Van Cleeck to the order of, and indorsed by, defendants, dated August 12, 1872, for $1,900, payable seventy days after date. It was taken by the defendants and indorsed by them and delivered to the People's Safe Deposit Company of the State of New York, "which was incorporated under chapter 816, Laws of 1868, page 1839. The defendants received of said company $1,873.03, and have never repaid the money. The note was protested. The plaintiff was duly appointed assignee, as alleged, of said company. Section 11 of said act provides, viz.: It shall be the duty of the board of directors *to invest* the capital stock of said corporation, and to keep the same invested in good securities, and it shall be lawful for the same to make such investments of the capital stock and of the deposits and funds accumulated by its business or any part thereof * * * The proof does not show whether the money advanced to the defendants (1) was "capital stock of said corporation," (2) "deposits" or (3) "funds accumulated by its business." The money was advanced by the officers of said company over its counter, and the note taken upon a supposed discount thereof. The company was in the habit, and did prior to and at the time of this discount, of discounting short paper at the counter. The officers in charge so operated the business. There is no proof of any resolution of the board of directors authorizing such discounts. The plaintiff, as assignee, became vested with the note and assets of said corporation. The

complaint contains a count upon the note and its indorsement ; also, for money had and received. The defense alleges that the corporation had no rights to discount the note, to enter into the transaction of discount or loan set out in the complaint.

*Daniel Pratt*, for plaintiff.

·*George M. Kenneday*, for defendants.

HARDIN, *J.* — The plaintiffs, as assignees, represent the creditors of the corporation, and as such take all the assets and rights of the corporation existing at the time of their appointment. The defendants having received the money upon the note, now insist it was not within the charter powers of the company to take the note by way of discounting the same to the defendants. The defendants were willing, at the time they presented the note to the company's officers and asked for the money upon it, to assume and act as though they believed the officers of the company had power to discount the note. It is highly inequitable to allow the defendants, when called upon to pay back the money to make good their promise made at the time of the loan, to insist that the company exceeded its charter powers when it parted with its money. The defense assumes that the corporation had no power to loan money upon the note in question. The act of 1868 incorporating the company, declared that the company shall possess the general powers and privileges, and be subject to the liabilities and restrictions contained in title 3 of chapter 18 of the first part of the Revised Statutes, so far as applicable thereto.

Section 1 of the third title of the Revised Statutes referred to authorizes corporations " to hold, purchase .and convey such real and *personal estate* as the purposes of the corporation shall require, not exceeding the amount limited in its charter." There was no proof given in this case that the personal estate — the note — was not taken within the purposes of the corporation, and was not required to invest its deposits or to invest " funds accumulated by its business."

Pratt agt. Short.

But if we assume, as do the defendants, that the discounting of the note was not taken as an investment in the enumerated sections referred to in the eleventh section of the act, then it becomes important to determine whether it was prohibited from taking the note.

There is no express prohibition in the act of 1868.

Section 3 of the third title of the Revised Statutes provides that "no corporation shall possess or exercise any corporate powers except such as shall be necessary to the exercise of the powers so enumerated." It seems one of the powers conferred upon this corporation was to receive deposits and to keep them invested in a particular class of securities. But does such limitation apply to the "capital stock" of the corporation referred to in the first part of section 11 of the act of 1868?

The defendants further insist that section 4 of article 8 of the Constitution, applied to this corporation, prohibits it from exercising any of the powers of a corporation for "*banking purposes.*" But considering that a special charter could not be granted under the Constitution as it was prior to the amendment of section 4 of article 8, in 1874, does it follow that the investment by the corporation organized under the act of 1868 could not invest "its capital" in good "securities," even though they were of no higher grade than promissory notes, well indorsed?

But if we proceed with the assumption made by the defendants, that the corporation was not authorized to loan upon the note and indorsement in suit, does it follow that the defendants can successfully raise the question and resist payment?

A similar defense was attempted fifty years ago, before the chancellor, in *Silver Lake Bank* agt. *North* (4 *Johns. Ch.*, 370), and repudiated by the chancellor. It was there claimed that the plaintiffs had passed the bounds of their charter in taking a mortgage upon a loan. The chancellor said: " If this objection was strictly true, in point of fact, I should not readily listen to it. Perhaps it would be sufficient for this

Pratt agt. Short.

case, that the plaintiffs are a duly incorporated body, with authority to contract and take mortgages and judgments, *and if they pass the exact line* of their power, it would rather belong to the government of Pennsylvania to exact a forfeiture of their charter than for this court, in a collateral way, to decide a question of misuser by setting aside a just and *bona fide* contract." A like defense was attempted in *Glass Company* agt. *Dewey* (16 *Mass.*, 102). The court said : " The defendant cannot resist payment on this ground, but the legislature may enforce the prohibition by causing the charter to be revoked when they shall determine that it has been abused ;" and doubtful power exercised by a corporation was held valid in *Moss* agt. *Rapie Lead Mining Company* (5 *Hill*, 137). In that case judge BRONSON dissented, but complaining of it, was constrained to follow it, in *State of Indiana* agt. *Woram* (6 *Hill*, 37). Judge DENIO, states the same doctrine in *Palmer* agt. *Lawrence* (3 *Sand. S. C.*, 174), says : " It would be in the highest degree inequitable and unjust to permit him to rescind a contract, the funds of which he retains and can never be compelled to restore." The principle was asserted in *Steam Navigation Company* agt. *Weed* (17 *Barb.*, 380). Sedgwick on Statutory and Constitutional Law (*page* 90) says : That the invalidity of contracts made in violation of statutes is subject to the equitable exception that although a corporation in making a contract acts in disagreement with its charter when it is a simple question of *capacity* or *authority* to contract. Assuming either on a question of regularity of organization or a power confirmed by its charter, a party who has the benefit of the agreement cannot be permitted, in an action founded on it, to question its validity. It would be in the highest degree inequitable and unjust to permit the defendant to repudiate a contract, the profit of which he retains." This principle is cited and approved by justice SWAYNE, in *Township of P. G.* agt. *Talcull* (19 *Wall.*, 678, 679). This principle was applied by me two years ago

to the Skaneateles Savings Bank cases, against a borrower who set up some want of power in the bank to take notes, and the cases were sustained, the general term in this department affirming judgments in favor of the bank.

Upon another ground the plaintiffs are entitled to recover the money advanced to the defendants.

If it be assumed, as is the argument of the defendants, that the note and indorsement were void when taken by the corporation, then the same being avoided by the defendants, the money should be returned to the lender or its assignees, for, in equity, the money should never have been taken by these defendants upon a voidable or void security. The action for money had and received will lie under such circumstances. The transaction was not *malum in se* and the lender may recover (*Tracy* agt. *Talmage*, 14 *N. Y.*, 162; *The Oneida Bank* agt. *The Ontario Bank*, 21 *id.*, 490). The last case was approved by HUNT, J., in *Mayor* agt. *Ray* (19 *Wall.*, 484), and he points out the distiction between cases *ultra vires* and cases prohibited by law, and that class of cases where the borrower has received and actually retained the money. The case in 7 Wendell, 31, cited by defendants, shows the defendants did not have any of the money, and, therefore, it differs from this case. In case 19 Johnson 1, the court at the close of the opinion seems to favor the right of recovery for money had and received.

For the power of the plaintiff to recover the assets which have been improperly parted with by the corporation, see 48 Barbour, 463; and 5 Abbott (*N. S.*), 9; and opinion of GROVER, J., *Gillet, receiver*, agt. *Phelps* (13 *N. Y.* [3 *Kern*], 114); act of 1858, chapter 314. These views lead to the conclusion that the defense attempted is unavailing here to the defendants, and that the plaintiffs, as assignees, are entitled to recover upon the note and the amount thereof with interest and expenses of protest, or for money had and received, to the extent advanced by the corporation to the defendant, with interest and costs of this action.