TURNER ET AL. V. CRUZEN ET AL.

1. **County**: PURCHASE OF POOR-FARM: ULTRA VIRES: SETTING ASIDE
   CONTRACT AT SUIT OF TAX-PAYER: COUNTY NOT A PARTY.  Where
   a county buys a poor-farm, pays part of the purchase money and takes
   possession, a tax-payer cannot, in a court of equity, in a suit against
   the vendor, the county treasurer and the supervisors, but to which the
   *county* is not made a party, have the contract set aside as being *ultra
   vires*, and the treasurer enjoined from paying certain warrants issued
   for the residue of the purchase money; because such a decree would be
   inequitable while the county is allowed to retain the farm, and its title
   could not be disturbed in an action to which it is not a party.

2. **Municipal Corporations**: CANCELLATION OF ULTRA VIRES CON-
   TRACT: RESTORATION OF CONSIDERATION.  Where the consideration
   received by a corporation under an *ultra vires* contract can be restored,
   a court of equity will not relieve the corporation as against the contract
   without providing for a restoration of the consideration.  (See cases
   cited.)  The only exception to the rule is where municipal bonds have
   been issued in excess of the constitutional limit of indebtedness, and the
   money obtained thereon has been expended.

*Appeal from Adams Circuit Court.*

WEDNESDAY, DECEMBER 8.

THE plaintiffs aver that they are tax-payers of Adams
county, and, as such, they bring this action to cancel a con-
tract entered into between the county and the defendant
Cruzen, which they allege to be *ultra vires*, and to restrain

the defendant Hunter, as treasurer of the county, from paying certain warrants issued under the contract. The court rendered a decree granting the relief prayed, and the defendants appeal.

*F. M. Davis* and *S. McPherson*, for appellants.

*T. M. Stuart* and *W. O. Mitchell*, for appellees.

ADAMS, CH. J.—The contract alleged to be *ultra vires* was made by the county with the defendant Cruzen, whereby the county purchased of him a certain farm, and

1. COUNTY: purchase of poor-farm: ultra vires: setting aside contract at suit of tax-payer: county not a party.

improvements thereon, for the use of the county as a poor-farm, for the agreed price of $8,800. The want of power to make the contract is predicated upon the alleged fact that it was not authorized by a vote of the people. The question presented arises upon the pleadings, there being a demurrer to the defendants' answer. The action is brought, not only against Cruzen, as the county's vendor, and Hunter, as county treasurer, but against the supervisors of the county, but not against the county itself. The answer appears to be filed by Cruzen alone. It shows, among other things, that the contract has been fully executed on his part by a conveyance of the property to the county, and that the county has been occupying the same as a poor-farm for two years; that the reasonable rental value of the property is $800 a year, and that the county has never offered to reconvey the property, nor pay for the use of the same; that the property was worth more than the contract price; that the plaintiffs had full knowledge of the contract many months before the deed was executed, but stood by, and saw the contract carried out without objection; and that, by reason of the occupancy of the farm as a poor-farm, it has become depreciated in value. The defendant Cruzen, in his answer, further avers, in substance, that no request has ever been made of the county or

board of supervisors to take any steps to cancel the contract, nor has any officer refused to bring an action to cancel it, and that the plaintiffs, without such request and refusal, are not the proper persons to bring such action.   He further avers, in substance, that, in any event, Adams county should be made a party, and that, if the suit is to be maintained by the plaintiffs, the county should be made defendant.

The legal title to the property having been placed in the county, we are unable to see how the county could be divested by a decree to which it is not a party.   It may be that the county has no desire to rescind, and could, in fact, show that its contract of purchase was not *ultra vires.* · Without question, the county has a right to be heard before its title can be disturbed.   Possibly the court below did not intend to disturb the title.   The language of the decree is "that the contract between the defendant Cruzen and the board of supervisors of Adams county, for a poor-farm, is absolutely null and void."   It may be that the intention in decreeing the invalidity of the contract was merely to afford a basis for enjoining the payment of warrants issued for a part of the purchase money.   If this is so, then the court proceeded upon the theory that the county could be relieved of a part of the burden of its contract while retaining the entire benefit of it.   Of such decree the county could not, of course complain.   But such a decree, cannot, in our opinion, be sustained.

It appears to us to be well settled as a rule, with one exception, that, where the consideration received by a corpora-

2. MUNICIPAL corporations: cancellation of ultra vires contract: restoration of consideration.

tion under an *ultra vires* contract can be restored, a court of equity will not relieve the corporation, as against the contract, without providing for a restoration of the consideration.   *Pratt v. Short,* 53 How. Pr., 506; *Leonard v. City of Canton,* 35 Miss., 189; *Argenti v. San Francisco,* 16 Cal., 255, (282); *Moore v. Mayor, etc., of New York,* 73 N. Y., 238; *Lucas Co. v. Hunt,* 5 Ohio St., 488.

It is no sufficient answer to say that Cruzen might still have his action against the county for reconveyance of the title. His right to a reconveyance should be decreed to him at the same time that the county is relieved from payment. There is nothing in the decree now which would estop the county from contesting the right of Cruzen to a reconveyance, because the county is not a party to this decree. Nor is it a sufficient answer to say that Cruzen has already received a large part of the purchase money, and that no judgment is rendered against him for it, and that none is asked. If a court of equity could deprive him of a part of the purchase money without decreeing a reconveyance of the farm, it might have deprived him of the whole, if the farm had been sold wholly on credit, and no payment had yet been made. The principal involved would be the same. We are aware that there is a class of cases where courts of equity declare a contract *ultra vires,* and grant relief in favor of a corporation, without any decree for the restoration of the consideration received by the corporation. This is so where municipal bonds have been issued in excess of the constitutional limit of indebtedness, and the money obtained thereon has been expended. Courts of equity decree the cancellation of such bonds, or enjoin payment, without decreeing repayment to the bondholders of the money received by the corporation on the bonds. But this results from the necessity of the case. If the courts should decree repayment, the very object of the constitutional provision would be defeated.

Many questions have been raised in this case which we have not noticed, but, in the view which we have taken of the case, it does not appear to us to be necessary to notice them.

The decree of the circuit court must be

REVERSED.