## HINTRAGER v. RICHTER *et al.*

**Statute of Limitations :** ACTION AGAINST PUBLIC OFFICER ON BOND: MONEY HELD FOR PLAINTIFF. The defendants were the auditor of a city and the sureties on his bond. The action was to recover for the failure of the auditor to pay to plaintiff certain money which he had received from his predecessors in office, which his predecessors had received for the redemption of real estate from tax sale, and which, it was admitted, plaintiff was once entitled to. The defense was that more than three years had elapsed from the date of the original payment to the auditor to the date of the beginning of the action, and that the action was barred by the statute. (See Code, sec. 2529.) But *held* that, since the money was held by the auditor and not by the city, and since the last auditor received it for the use of plaintiff, the statute did not begin to run in his favor until after he had received it. It is a mistake, in such a case, to consider the successive auditors as one and the same person, or as impersonal ; though they may be so considered where they stand for and represent the city, as where the city is sought to be made liable in proceedings against its officers by *mandamus,* or the like. (See opinion for cases distinguished. )

*Appeal from Dubuque District Court.*—HON. C. F. COUCH, Judge.

FILED, DECEMBER 22, 1888.

THIS is an action to recover of the defendant, Henry Richter and the other defendants, who are sureties upon his official bond as auditor of the city of Dubuque,

certain money which came into his hands as such auditor, and which, plaintiff avers, he is rightly entitled to, and which said Richter refuses to pay to him. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*De Witt C. Cram*, for appellant.

*J. J. McCarthy*, City Attorney, for appellees.

ROTHROCK, J.—It appears from the averments of the petition that certain real estate was sold for city taxes in the year 1876, and that one Bishop was the tax-sale purchaser. A short time after the sale Bishop assigned the certificate of sale to the plaintiff. The assignment was placed upon record in the office of the city treasurer, as required by an ordinance of the city. The real estate was redeemed from the sale on the seventh day of May, 1877, by the payment of the sum of $416 to one Brant, who was then city auditor. Brant paid over the money to one Riley, who was his successor in office, and Riley paid the money to Richter, the defendant, on May 1, 1887, and he received the same by virtue of his office. The plaintiff demanded the money of Richter on the sixth day of May, 1887, and afterwards, and on the same day, this action was commenced, upon his official bond, to recover the same. The city of Dubuque was organized and has always acted under a special charter, and it was stipulated by the parties hereto that its ordinances, so far as they pertain to tax sales, and redemption therefrom, are substantially the same as sections 887–891 of the Code. The demurrer was upon the ground of the statute of limitations. No question is made as to the plaintiff being the assignee of the original tax-sale purchaser. It is provided in one of the ordinances of the city that tax-sale redemption money shall be held by the auditor subject to the order of the purchaser or his assignee. No question is made that the plaintiff was at one time entitled to the money. But it is contended by counsel for

appellee that a cause of action arose therefor on the day the money was paid to the then auditor, and that action therefor was barred in three years from that time, under section 2529 of the Code, which provides that an action against "a public officer growing out of a liability incurred by the doing of an act in an official capacity, or by the omission of an official duty," shall be brought within three years after the cause of action accrues. On the other hand, it is claimed by the plaintiff that the cause of action accrued when the money was received by Richter, or when the demand for its payment was made of him.

Counsel for the respective parties have made elaborate arguments upon the question of whether the receipt and custody of the money was in the nature of an express trust. Upon the part of plaintiff it is contended that the relation of the parties was that of trustee and *cestui que trust*, and that the statute of limitations did not commence to run until the trust was denied and repudiated by the trustee by a refusal to pay the money on demand. Counsel for defendant denies that it was a trust of the character claimed by the plaintiff, and claims that, if a demand was necessary, it should have been made and suit brought within the time fixed by statute after the plaintiff was entitled to the money. It is conceded that as each auditor was elected and qualified he received the money in controversy from his predecessor, and that his official bond bound him to pay the same to the plaintiff if the right of the plaintiff thereto has not been barred by the statute. This is not an obligation against the city. The money has not been covered into the city treasury. The action is not against the city. It is money on deposit, so to speak, with the city auditor, payable on the order of the plaintiff. The defendant, while he admits the receipt of the money from his predecessor, insists that the plaintiff has no right to it, because he failed for more than three years to commence an action against the defendant's predecessor in office. The substance of his claim is not that the money belongs to him or to the city, but that it is

the plaintiff's money, and that he has lost the right to it, and that it belongs to no one. Reliance is had by defendant upon the case of *Prescott v. Gonser*, 34 Iowa, 175. In that case the clerk of the board of supervisors issued a county warrant in pursuance of an order of the board, but neglected to place the seal of the county thereon. It was held that the statute of limitations would commence to run in favor of the officer and his successor for their omission to perform an official act from the time of the omission, and not from the time of a demand upon the officer to supply the omission. The action was *mandamus*, to compel the successor in office of the clerk, who omitted to do the official act, to affix the seal. It was insisted in that case that the right of action did not accrue until a demand was made that the seal be affixed, and a refusal. This claim was answered by the court by holding that it is not the policy of the law to permit a party to defeat the operation of the statute by neglecting to do some act which devolves upon him in order to perfect his remedy against another. But this was a question which did not necessarily arise in the case. It was the omission of the clerk to affix the seal which operated as a breach of his official bond. It was, in the language of the statute, an "omission of an official duty." The statute commenced to run at once. That suit was, in effect, a proceeding against the county. It was to compel one of its officers to affix the seal to the warrant to enable the plaintiff to draw money from the county treasurer. That part of the opinion which alludes to the county as being perpetual, and that the same idea of perpetuity pertains to an officer of the county, is correct when applied to the facts of that case. The case was, in effect, an action against the county. But in the case at bar the city has no part in this litigation. Its records show that this money is in the hands of Richter, and the assignment of the tax-sale certificates, being on record, shows that it is payable to the plaintiff's order. It requires no affixing of a seal to a warrant to require the money to be paid. We do not think the cited case is authority for holding that

the claim of the plaintiff to this money is barred by the statute.

In *Beecher v. Clay County*, 52 Iowa, 140, the plaintiff, by *mandamus*, sought to compel the board of supervisors to refund certain illegal taxes which the plaintiff had paid into the county treasury. It was held (following the case of *Callanan v. Madison County*, 45 Iowa, 561) that the cause of action accrued when the taxes were paid, and that the plaintiff could not delay the operation of the statute of limitations by neglecting to demand of the board an order for the refunding of the taxes. That was also an action against the county. The law required the board of supervisors to make an order directing the treasurer to refund the money. Code, sec. 870. It was a claim against the county, which required the action of the board of supervisors the same as any other claim, and no suit could be maintained until the claim was presented to the board, as in *Baker v. Johnson County*, 33 Iowa, 151, and other cases, which hold that a party cannot, by his own neglect or laches, arrest the operation of the statute of limitations. The same principle is to be found in the case of *Lower v. Miller*, 66 Iowa, 408. That was an action upon the official bond of a sheriff for failing to pay over to the plaintiff certain money which was deposited with him, as sheriff, in certain proceedings by which land was condemned for a railroad right of way. It was held that the action was barred by the statute of limitations because it was not brought within three years after the plaintiff was entitled to the money. The case was not disposed of upon a demurrer. There was a trial on the merits, and it appeared that the sheriff was elected his own successor, and the action was brought upon the last official bond. The action was a personal action against the sheriff. It was not brought within three years from the time it accrued against him. The facts are altogether different in the case at bar. The defendant Richter received this money, and receipted for it, but a short time before the action was commenced. He received it as the money of the plaintiff, and his failure

to pay it over was a failure to perform an official duty. No right of action accrued against him until he received the money, and he cannot, after receiving it as belonging to the plaintiff, set up that the plaintiff had no right to it because such right was lost by his failure to commence an action against some one of the defendant's predecessors. The defendant is liable for the money which comes into his hands, and cannot avail himself of the defense based upon the statute of limitations until the right of action againt him is barred. It is a mistake to consider these successive auditors as one and the same person, or as impersonal. They are to be so treated when they stand for and represent the city, as where the city is sought to be made liable by proceedings against its officers by *mandamus* or the like.

We think the demurrer to the petition should have been overruled.

REVERSED.