WM. HINTRAGER, Appellee, v. HENRY RICHTER, *et al.*,
Appellants.

1. **Pleading**: ISSUES: STATEMENT OF CONCLUSION. An issue of fact is not formed by the statement of a conclusion drawn from facts not pleaded.

2. **Municipal Corporations**: CONTRACTS: ULTRA VIRES. An agreement whereby a municipal corporation undertook to redeem certain real estate from tax sale for a tax payer in consideration of the payment of certain back taxes, which would have been lost to the city but for the compromise thus effected, *held*, to be within the powers of the corporation.

3. ———: CITY OFFICERS: ESTOPPEL. A city auditor, who has received from his predecessor in office a warrant for money due the holder of a tax certificate, is estopped from claiming that the right of action for the amount of such warrant is barred because of the failure of the certificate holder to commence an action therefor against his predecessors in office.

4. ———: INDEBTEDNESS: CONSTITUTIONAL LIMITATION. Where in the course of a transaction a city, already indebted in excess of the constitutional limit, by assuming an obligation due from a tax payer was enabled to realize a sum more than double the amount of the obligation assumed, *held*, that a warrant issued for the amount of the obligation thus assumed was not void.

5. ———: POWERS: WITHDRAWAL OF WARRANTS. The city having issued its warrant for the payment of such obligation had not the power by its council to subsequently direct the auditor of the city not to deliver said warrant.

6. **Pleading**: GENERAL DENIAL: SUFFICIENCY. An answer containing a general denial of each and every allegation contained in the petition not expressly admitted, may in the discretion of the trial court, when it is a matter of doubt as to what allegations are admitted, be required to be made more specific.

7. **Pleading**: AMENDMENTS. After a demurrer to the defendant's answer had been sustained, the plaintiff was permitted to file an amendment to his petition setting out in greater detail the facts pertaining to his cause of action. *Held*, that the allowance of the amendment was no abuse of the discretion of the court.

*Appeal from Dubuque District Court.*—HON. D. J. LINEHAN and J. J. NEY, Judges.

TUESDAY, MAY 17, 1892.

ACTION to recover of the defendant Richter and the other defendants, who are sureties upon his official bond as auditor of the city of Dubuque, certain money alleged to be due the plaintiff from Richter as auditor, and which Richter refuses to pay. There was an answer pleading certain defenses, to which the plaintiff demurred. The demurrer was sustained, and, the defendants refusing to plead further, judgment was rendered against them. From this ruling and judgment the defendants appeal.—*Affirmed.*

*Longueville & McCarthy,* for appellants.

*D. C. Cram* and *J. Glenn Brown,* for appellee.

KINNE, J.—It appears from the petition that in 1876 certain real estate, then the homestead of George Burden and Eliza A., his wife, was sold to R. E. Bishop for taxes due the city of Dubuque for 1874. That a certificate of purchase was executed to Bishop, and he, on June 21, 1876, assigned the same to the plaintiff, who still owns and holds it. The assignment was placed upon record in the office of the city treasurer, as required by an ordinance of the city. That on February 6, 1877, the city council of Dubuque adopted the following resolution: "Resolved, that George and Eliza Burden pay to the city treasurer one thousand and forty-six dollars and twenty cents for the years 1870, 1871, 1872, 1873, 1874, 1875, 1876, and the city will redeem from sale for the year 1874 with ten per cent. Amount to redeem, with interest, four hundred and sixteen dollars and thirteen cents." That said Burdens paid to said city treasurer the sum of one thousand and

forty-six dollars and twenty cents, and afterwards, on May 7, 1877, a warrant was executed by the mayor and recorder of said city, payable to F. G. Brandt or bearer, for four hundred and sixteen dollars and thirteen cents, said Brandt being then the city auditor. Brandt, as such officer, received the warrant in redemption from said tax sale, and in pursuance of the resolution heretofore set out. Brandt then issued a certificate of redemption, setting forth the facts of the sale, the date of the redemption as being February 16, 1887, the amount paid as four hundred and sixteen dollars and thirteen cents, and that the redemption was by the city of Dubuque. He also made proper entries in his books, and notified the treasurer of the city of such redemption. The certificate was presented to the treasurer, who countersigned it, and made all entries regarding the same then legally required. That in fact but four hundred and sixteen dollars and thirteen cents of the amount paid by the Burdens was used in the redemption of said lots. That the certificate of redemption was delivered to George Burden when executed. That the warrant passed from the hands of Brandt, auditor of said city, to his successor Reilly, and from him to the defendant Richter, as such auditor, about May 1, 1887. That May 6, 1887, the plaintiff demanded of said Richter, as auditor of said city, that he present said warrant to the treasurer of the city for payment, and he refused so to do. That the plaintiff then demanded of the defendant Richter the said warrant, and he refused to deliver it to him, and then the plaintiff demanded of said Richter, as auditor, four hundred and sixteen dollars and thirteen cents, the amount of said warrant, which he refused to pay. A copy of the defendant Richter's bond is set out, and the proper allegations made as to the breaches thereof. The defendants, in their answer, plead in substance as follows: *Fourth.* Allege that the action of the council in attempting to

redeem the land was void, the city having no title or interest in the real estate sold; that the warrant was without consideration and void. *Fifth.* Aver that the action is barred. *Sixth.* That the warrant is void, as at the date of its issuance the city of Dubuque was indebted in excess of the constitutional limit.

I. The plaintiff demurs to the fourth division of the answer on three grounds, but we need consider but

1. PLEADING: issues: statement of conclusion.

two of them, viz.: *First.* Because no facts are stated showing a want of authority to issue the warrant; *Second,* that such want of authority can only be pleaded by the city. There is not an affirmative allegation in this division of the answer. It admits the issuance of the warrant for the amount pleaded, and that it was received by the defendant Richter's predecessor in office, and then denies the authority of the officers to issue the warrant or bind the city. Surely these denials do not put in issue the facts pleaded in the petition. No facts are stated which tend to show a want of authority of the officers to issue the warrant in question. At most the pleader simply states a conclusion which he draws from facts not pleaded.

II. The demurrer to the fourth division of the answer raises the question of the defendant's right to

2. MUNICIPAL corporations: contracts: ultra vires.

make the defense of *ultra vires*, and that the city is estopped. It may be conceded that one not having a title to or interest in land sold for taxes cannot redeem such land from tax sale. *Byington v. Bookwalter*, 7 Iowa 512. By an agreement with the city the Burdens paid to it more than double the amount that would have been necessary to effect a redemption of their property. It does not clearly appear from this record why this was done. It would seem fair to assume, under all the circumstances and evidence, that the sum thus paid was as a compro-

mise between the Burdens and the city covering all the back taxes for the years mentioned in the resolution passed by the council. We know of no reason why the city might not make a compromise of that kind, thereby securing the payment of a large amount of back taxes which, for aught that appears, might otherwise have been lost to it. It was evidently an arrangement thought to be beneficial to all the parties interested. It was consummated by the Burdens paying the money on the one hand, and the city, on the other, doing all things needful. to effect a redemption of the property. Whatever the transaction between the parties may be called, it must be treated as an entirety, and the practical effect was a redemption of the lots. The warrant was treated by the parties interested as a payment, and we see no reason why it should not continue to be held to have that effect. The city is not a party to this suit, and, even if it was, we doubt, under the admitted facts and peculiar circumstances of this case, if it could successfully interpose the plea of *ultra vires*. See *Turner v. Cruzen*, 70 Iowa 202, and cases cited. The defendants certainly have no greater rights than the city would have.

III. In the fifth division of the answer it is claimed that the plaintiff's cause of action is barred.

3. ——: city officers: estoppel.

A provision in one of the ordinances of the city of Dubuque, and which is substantially like section 890 of the Code of 1873, provides that the city auditor shall hold redemption money "subject to the order" of the purchaser. The original petition in this case alleged that the money represented by the warrant in question came into the defendant Richter's hands as city auditor, and that he refused to pay it to the plaintiff, and it was contended then as now that the plaintiff's cause of action was barred. While it may be true that on the

appeal the question that no demand was made was not before this court, yet we think the reasoning in the opinion then given applicable to this branch of the case as now presented. It was then said by this court: "No right of action accrued against him [Richter] until he received the money, and he cannot, after receiving it as belonging to the plaintiff, set up that the plaintiff had no right to it because such right was lost by his failure to commence an action against some one of the defendant's predecessors." *Hintrager v. Richter*, 76 Iowa 406. Clearly no right of action accrued as against Richter until this warrant came into his hands, which was about May 1, 1887, and this action was commenced a few days thereafter. If this was an action against the city, the case might be different.

IV. In the sixth division of the answer it is alleged that the warrant was void because at the time it was issued the city was indebted in excess of the constitutional limit. It is manifest that the indebtedness of the city was not increased by this transaction with the Burdens. The transaction must be treated as a whole. The city got over one thousand dollars, and issued its warrant for less than half that sum. Its indebtedness must have been reduced, rather than increased. Suppose the city was in debt in excess of its constitutional limit, and suppose a taxpayer in paying his taxes by oversight paid more than he owed, would it be contended that the city could not by warrant refund to him the excess?

*4. ——: indebtedness· constitutional limitation.*

V. In an amendment to the answer it is alleged, among other things, that the council directed the city auditor not to deliver the warrants to the plaintiff. In the view we have already expressed, this warrant was held by the auditor for the plaintiff "subject to his order," as the

*5. ——: powers: withdrawal of warrants.*

ordinance provides. He had a right to take it at any time. Neither the council nor any one else outside of the plaintiff could direct what should be done with it. The defendant as auditor was not bound by the action of the council in this respect. They undertook to legislate about a matter regarding which they had no authority whatever, and hence the defendant could not be bound thereby nor amenable to them or the city for disregarding their unauthorized edicts. The demurrer was properly sustained.

VI.   In the first division of the defendants' answer is the following denial: "Come now the defendants, and for answer to the petition of the plaintiff on file herein deny each and every allegation thereof not hereinafter expressly admitted." The plaintiff moved the court to require this to be amended and to be in the form of specific denials of such allegations of fact in the petition as the defendants controverted, and the motion was sustained, the defendants excepting. The plaintiff claims that such a plea does not conform to the requirements of Code, section 2655. We think the construction of the section contended for by the plaintiff is too narrow. Such an allegation has always been treated as sufficient in form. When, however, it is a matter of doubt as to what allegations are admitted it is proper for the court to require specific denials. We do not think that in this case there was any abuse of discretion by the trial court.

6. PLEADING: general denial: sufficiency.

VII.   After the decision of the court on the demurrer and motion the plaintiff asked and obtained leave to file an amendment to his petition, in which he set out in detail the action of the city council in entering into the agreement with the Burdens, and in ordering the warrants drawn. The defendants objected to the filing of said amendment, but their objections were overruled, and they

7. PLEADING: amendments.

excepted.    We cannot say that this action of the trial court was an abuse of its discretion.    The matter pleaded only ·set out more fully what had been before referred to in the substituted petition.    If the defendants thought they would be prejudiced thereby they might have asked for time to plead to the amendment. They did not do so, but on the contrary refused to amend, refused to plead further, and thereupon the court proceeded to try the case, and rendered judgment against the defendants.

The judgment of the district court IS AFFIRMED.