JAMES CURRAN, Appellee, v. MRS. J. RYLAND, Appellant.

PLEADING:   Amendments—Rule to Allow.   The rule is to allow
1   amendments to pleadings; to refuse them is the exception.
     PRINCIPLE APPLIED:  Plaintiff sued for wages in managing
     a grocery store.  Defendant sought to show that plaintiff had taken
     groceries from the store without charging himself therewith.  The
     testimony being rejected as not within the issues, defendant offered
     an amendment to the answer covering this point.  The amendment
     was refused by the court.  Held, error.

MASTER AND SERVANT:  Action for Wages—Evidence.  Evidence
2   reviewed, in an action by a servant for wages, and held, the
     court was in error in directing a verdict for plaintiff.

*Appeal from Keokuk Superior Court.*—W. L. McNAMARA, Judge.

WEDNESDAY, FEBRUARY 9, 1916.

ACTION to recover compensation for services performed by plaintiff in the management of a store conducted by him for the defendant. On issues tendered, the case was tried to a jury, resulting in a directed verdict for plaintiff, and defendant appeals.—*Reversed* and *Remanded.*

*J. E. Craig,* for appellant.

No appearance for appellee.

DEEMER, J.—I. Plaintiff was employed by defendant as her manager in conducting a retail grocery store within the city of Keokuk, and claims that he performed his duties as such for the period of 54 weeks, at an agreed salary of $10 a week; and he alleged that there was due him the sum of

$508.62. To secure the issuance of a writ of attachment in the sum of $172, he averred that defendant had absconded. A writ of attachment was issued, and certain persons garnished thereunder. Defendant appeared, and filed an answer, in which she admitted that she was conducting the grocery business, as alleged, admitted that plaintiff was her clerk and that his compensation was to be $10 a week; but she "denied owing plaintiff". Thereafter, she filed an amended answer and counterclaim, in which she averred that all of plaintiff's claims had been settled by certain creditors, who took charge of her goods; and that, because thereof, he (plaintiff) was not entitled to recover. She also pleaded a counterclaim, based upon the negligence and unskillfulness of plaintiff, charged him with being drunk and careless, and also averred that plaintiff had taken $20 from the money drawer to which he was not entitled, and she asked judgment against him in the sum of $500. Such were the issues when the trial began, and plaintiff did not more than prove the length of time that he worked for the defendant, which seems to have been 54 weeks.

Defendant offered to show, by cross-examination of plaintiff and also by independent testimony, that, during the time plaintiff worked for her, he took groceries from the store for himself and family and did not charge himself therewith. This testimony was all eliminated by the court, because irrelevant and immaterial. Defendant also attempted to show payments, from time to time, but like objections were sustained. Thereafter, defendant dismissed her counterclaim without prejudice; but, during the course of the trial, she, through her counsel, offered an amendment to her answer pleading payment for all services rendered by plaintiff, and also pleading that plaintiff received groceries, from time to time, in unknown amounts, for which she should have credit. Plaintiff moved to strike this amendment because filed too late, and because it raised new issues, and this motion was sus-

1. PLEADING: amendments: rule to allow.

tained. In this latter ruling, we think the court erred. The testimony offered by defendant was rejected because no issue of payment and no claim for groceries furnished had been made in the answer, although defendant was insisting that the issues were broad enough to cover these matters; and, as the amendment was offered to make the testimony admissible, we think that, in furtherance of justice, the amendment should have been permitted to stand. Code Sec. 3600. The rule is to allow amendments: to refuse them is the exception. *Union Mill Co. v. Prenzler*, 100 Iowa 540; *Hintrager v. Richter*, 85 Iowa 222; *Larkin v. McManus*, 81 Iowa 723; *Tiffany v. Henderson*, 57 Iowa 490; *Williamson v. Chicago, R. I. & P. R. Co.*, 84 Iowa 583.

II. Moreover, it appears that the store was taken out of plaintiff's hands by various creditors, who proceeded to wind up the business for the purpose of recovering their claims. One of these creditors gave the following testimony regarding a settlement had with plaintiff:

2. MASTER AND SERVANT: action for wages: evidence.

"Mr. James Curran helped us invoice the goods. Mr. John McElroy and myself made a settlement with Curran of his claims against Mrs. Ryland, we figured up how much was due him and we took alternately enough out of the account file to make that amount, and then we took his receipt for those accounts, stating that that was in full for all claims against the stock or Mrs. Ryland. It was the common understanding that it was in full of all claims he had against Mrs. Ryland."

The receipt referred to was in this language:

"Keokuk, Iowa, Feb. 3rd, 1913.

"Received of the firms holding assignment of Mrs. J. Ryland's stock and accounts, thirty-three accounts, amounting to $379.07, in full for all my claim for labor and money I hold against the stock, bank accounts or moneys formerly belonging to Mrs. J. Ryland.

"J. Curran."

Another witness who was present, heard the conversation and saw the receipt signed, testified that it was his understanding that this receipt was in full of all claims held by the plaintiff against the defendant, and that it was supposed to settle everything in full. Notwithstanding this testimony, the trial court simply deducted the amount received by plaintiff on the settlement from the $540 claimed by him, and directed the jury to return a verdict for the plaintiff for the balance.

In this there was manifest error. The most that can be said for plaintiff's case in this connection is that the testimony made out a case for a jury as to whether or not the settlement was in full or simply to release some kind of a lien which plaintiff had or claimed to have against the goods. We do not say that this is the proper view. What we do hold is that the court was in error in directing a verdict for the plaintiff. The judgment must, therefore, be and it is reversed and the cause remanded for a new trial.—*Reversed* and *Remanded*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.