HAMILTON v. THE CITY OF DUBUQUE.

1. Statute of Limitations: RECOVERY OF TAXES: MUNICIPAL CORPORATIONS. An action against a city for the recovery of taxes wrongfully collected is barred in five years from the time of payment.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 12.

THE petition states that the defendant, in the year 1863, and several years prior thereto, levied and assessed taxes on certain real estate described in the petition, and the same being unpaid and delinquent, the "defendant, by its treasurer, or collector of taxes, claiming to be thus ordered, authorized and directed by the corporate officers or authorities thereof, and representing and declaring that it, the said defendant, had, under the laws of the State of Iowa, full power and authority to sell and convey said property for and on account of the taxes aforesaid levied thereon, and said plaintiff, relying on said representations and declarations of said defendant, made by its corporate officers at a public auction or sale, at which the real property described in petition, and the same at said sale, "on the 22d day of August, 1864," was struck off to the plaintiff, and the amount bid by him was paid to and received by the defendant, and a certificate of sale issued to the plaintiff.

It is then averred that plaintiff paid certain subsequent taxes on the premises so purchased. It is not deemed essential to set such averments out in full. It is further stated that in August, 1872, "the council of said city of Dubuque passed an ordinance," a copy of which is contained in the

petition, and it provides "that when, by mistake or wrongful act of the treasurer and collector, real property has heretofore been sold which was not liable to be sold,  *  *  *  the city shall refund to the purchaser the amount wrongfully collected of him, together with ten per cent interest.  *  *  * "

Judgment is asked for the amount bid at the time of the tax sale and the money subsequently paid, with ten per cent "from the respective dates of payment, in accordance with the provisions" of the ordinance.

There was a demurrer to the petition on the ground that the cause of action was barred by the statute of limitations, and the same having been overruled the defendant appeals.

*H. T. McNulty*, for appellant.

*M. H. Beach*, for appellee.

SEEVERS, J.—I.   It is objected by the appellee that the assignment of errors is insufficient.  This objection may have been well taken when counsel prepared his argument; but since then, at the term and before the cause was submitted, the appellant had leave to amend the assigment of errors. This has been done, and the objection is not well taken, for the reason the assignment of errors before us is clearly sufficient.

II.   The sale was in 1864, and the last time the plaintiff paid any money in discharge of taxes subsequently levied was in 1869.  In *Brown & Sully v. Painter*, 44 Iowa, 368, it was held that an action brought for the recovery of taxes paid was barred in five years from the payment.  This case has been followed in several cases, and must be regarded as the established rule.

1. STATUTE of limitations: recovery of taxes: municipal corporations.

In *Callanan v. Madison County*, 45 Iowa, 561, the same ruling was made when such defense was relied on by the county.   There cannot be any distinction in this respect between a county and a municipal corporation like the defendant.  The cause of action is, therefore, fully barred

unless it is saved by the ordinance referred to in the petition.

III.   A careful examination of the petition satisfies us that the right to recover is not based on the ordinance, or rather that it is not based on a "mistake or wrongful act of the treasurer," and, therefore, the ordinance does not take the case out of the operation of the statute.

The allegation is that the sale was made by the wrongful act of the city.  It is true the officers of the city, including the treasurer, it will be conceded, represented and declared "that it, the said defendant, had, under the laws of the State of Iowa, full power and authority to sell and convey said property for and on account of the taxes aforesaid levied thereon."   The city could speak only through its officers, and the wrongful act was the act of the corporation, if the power to sell did not exist; that is to say, it is not averred to be the wrongful act of the treasurer.

REVERSED.