## CONWAY v. SHERMAN.

**Mortgage:** DAMAGE TO PROPERTY IN MORTGAGEE'S POSSESSION DURING REDEMPTION PERIOD : EVIDENCE : DIRECTING VERDICT. Defendant had in his possession certain property of plaintiff subject to redemption within a limited time. Plaintiff alleges that during this time defendant so injured the property that plaintiff was not able to raise the money upon it to effect the redemption, and he seeks in this action to recover his damages on account of such injury, but he failed to show that, but for the alleged injury, some one would have loaned him the money ; and he also failed to show what his damages were,—that is, the difference between the value of the property and the amount required to redeem. *Held* that it was necessary for his recovery that he should establish each of these points, and, having failed in both, the court properly directed a verdict for defendant.

*Appeal from Boone District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, OCTOBER 22, 1889.

ACTION for damages to a coal mine and certain personal property. Judgment for defendant, and plaintiff appeals.

*Ramsey & Brocket*, for appellant.

*E. L. Greene*, for appellee.

GRANGER, J.—In some respects the record of the case is not specific as to important facts ; but, with our understanding, they are that prior to the commencement of this suit there were pending, in the district court of Boone county, two suits of the defendant in this suit against the plaintiff herein. These suits are designated in the record as numbers 2,671 and 2,672. Number 2,671 was for a foreclosure of a chattel mortgage, and 2,672 for the foreclosure of a real-estate mortgage. The two cases were disposed of in the district court by stipulation; number 2,671 being dismissed, and judgment of foreclosure being taken in number 2,672. The

property covered by the real-estate mortgage included a coal mine, and a part of the property embraced in the chattel mortgage was property used in the operation of the coal mine. By the terms of settlement the personal property used in the operation of the mine was turned over to the defendant herein as additional security for the claim secured by the real-estate mortgage, and to be held under these circumstances : The real estate was to be sold under the foreclosure judgment, and if, during the statutory period, Conway should be able to redeem, then the personal property so secured was to be returned. If there was no redemption, the title to the personal property passed to Sherman. The following is the language of the stipulation as to the return of the property : "Should said Peter Conway be able to redeem from the foreclosure sale under said real-estate mortgage, then the possession of the property hereinbefore described in this paragraph shall be returned to him or his assigns by the plaintiff in the same condition as they now are in, less natural wear and decay thereof."

Prior to the expiration of the year for redemption this suit was instituted, and the alleged grounds for recovery are that the defendant negligently allowed the mine and personal property to become greatly damaged, in consequence of which plaintiff was unable to effect a redemption. Issue was taken by an answer to the petition, and a jury empanelled to try it. At the conclusion of the plaintiff's testimony the court, on motion of the defendant, directed a verdict for him, and the plaintiff assigns such ruling as error.

The record, without question, shows that both the mine and the personal property were damaged during the year of redemption ; and the specific complaint by appellant is that, because of such damage, he was unable to obtain money to redeem by a pledge of the property. The only interest of the plaintiff in the property was his right of redemption, and any damage he sustained must have been to that right. To justify a recovery there must be testimony to show that because of the damage he could not redeem. There is very little testimony tending to

Conway v. Sherman.

show that plaintiff tried to get money to redeem the property. In some places in his testimony he uses the word "redeem," but, taking his testimony together, his purpose seems to have been to make another settlement with Sherman, thinking he had been wronged in the settlement of his suits. He speaks of only one man by name who talked of letting him have money; but he does not say that it was to redeem, or that he refused to let him have it because of the condition of the property. He says: "I tried in Boone to get a man to raise money for me to redeem it, if I could settle it, and went to Mr. Sherman to see if he would settle it in May, I believe." He also says: "They allowed it was not worth as much as it would take to redeem it. They would not give it on it. It was reported bad." In the testimony it nowhere appears that any person would have furnished the money to redeem but for the damage, or that the property, because of its value, would justify redemption. The record is a confession that the plaintiff's only hope of redemption was by securing money from others by a pledge of the property; and, to show that his redemption was lost by reason of the damage, it must appear from the testimony that but for the damage some person could be found to accept the pledge, and there is not a word of testimony to show that. Such fact cannot be inferred from statements of parties that the property is in bad condition, and not worth redeeming, or like expressions. Again, there is no testimony on which damage to plaintiff could have been estimated by the jury. There is testimony as to the damage to the property, but that is not the measure of plaintiff's damage in such a case. If he lost his right of redemption, his damage is the value of such right, and that value is the excess in value of the property over the cost of redemption. There is no proof tending to show this. The record does not show the amount necessary to redeem, or the value of the property with or without the damage; and if the case had been submitted there was no possibility that the jury could have estimated the damage. It would not do to leave such matters to mere conjecture.                    AFFIRMED.