JAMES SHUM et al., Appellees, v. PROW & LEFFLER et al., Appellants.

No. 45640.

JUNE 17, 1941.

REHEARING DENIED SEPTEMBER 19, 1941.

Stephens, Thornell & Millhone, for appellees.

Keenan, Clovis & Sar, for appellants.

SAGER, J.—On February 27, 1922, appellees executed two notes and a mortgage to a real-estate firm in payment of a commission on a land deal. For some reason not explained, the notes and mortgage were payable to the Clarinda National Bank which never had or claimed any interest therein. These notes found their way into the hands of another real-estate agent and thence in the ownership of Prow & Leffler, who will be spoken of as if they were the sole appellants, the others being the sheriff of Page County, his deputy, and the clerk of the district court.

On September 2, 1924, appellants took judgment in a suit at law on the notes. No mention was made of or relief asked under the mortgage. It should be added that the mortgage was filed for record on March 4, 1922. In May, 1926, one of the attorneys for the plaintiffs (appellants here) in that suit notified the bank that the notes had been merged in the judgment and that the land described in the mortgage had been foreclosed under an earlier one. On June 3, 1926, a release of the mortgage was filed of record by the bank.

More than fourteen years later an execution was issued and appellees' land advertised to be sold on August 10, 1940. The present action was brought on the 7th day of August. The defense is in substance that appellants knew nothing of the mortgage until 1940, never bargained for it nor consented to its assignment to them, if it was so assigned.

It will be seen that this case falls directly within the provisions of section 11033.4, Code, 1939, which reads:

"Former judgments without foreclosure. Judgments heretofore rendered or in actions now pending upon promissory obligations secured by mortgage or deed of trust of real estate, and upon which judgments or actions now pending the holder thereof brought suit direct upon the said promissory obligation without a foreclosure against said security, shall have no force or vitality for any purpose other than a set-off or counterclaim from and after the expiration of two years from the passage of

this act [46 GA, ch 108] and no execution shall be issued thereon.''

It is to be noted that the statute makes no provision for any exception of the kind claimed for appellants here. If it were to be conceded that appellants had no knowledge of a mortgage which had been on record for sixteen years, the concession would not help them. The statute provides for no defense or excuse as is here set up and we may not write it in. We purposely refrain from analyzing the citations in the briefs because they do not bear on the question before us. The statute is plain. The case comes within it and the decree of the lower court being in conformity is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.