GEORGE E. HELL et al., Appellees, v. HENRY SCHULT et al., Appellants.

No. 47015.

512

Howard P. Eckerman, of Davenport, for appellants.

Hoersch & Harbeck, of Davenport, for appellees.

BLISS, J.—On April 25, 1924, plaintiffs George E. Hell and wife executed to the Midland Mortgage Company their promissory note for $7,500, due in five years, and a farm mortgage securing its payment, and on May 2, 1924, they executed to Christ Schult their note for $2,500, due March 1, 1929, and a second mortgage on said land securing said note. The first note and mortgage were assigned on May 6, 1924, to the John Hancock Mutual Life Insurance Company. In 1928 Hell and wife conveyed the mortgaged premises by warranty deed to the plaintiff Norma C. Tilly. In 1929 Norma C. Tilly and husband, Victor Tilly, executed a written extension agreement with the insurance company, agreeing to pay said note on May 1, 1934, and a similar agreement with Christ Schult to pay the $2,500 note on March 1, 1932. Christ Schult died testate in 1932. In March 1934 the insurance company began suit on the $7,500 note and mortgage for judgment and foreclosure. Not knowing of the death of Christ Schult, the second mortgagee, he was made a party defendant. No jurisdiction was obtained over his estate or his representative. On May 15, 1934, judgment and decree for the plaintiff was entered in this suit, and on execution sale the insurance company bid in the property and received the certificate of sale on or about July 24, 1934. On August 10, 1934, Sophie Schult, the executrix of the Christ Schult estate, brought action at law against the plaintiffs herein for judgment

on the $2,500 note and extension agreement, but did not procure nor ask foreclosure of the second mortgage. By supplemental proceedings substituting the executrix as defendant for Christ Schult, the insurance company procured supplemental decree of foreclosure of the first mortgage against Sophie Schult, executrix of the last will of Christ Schult, deceased, on August 14, 1934. Sophie Schult, as executrix, in her action at law on the $2,500 note obtained judgment against the plaintiffs herein for $3,062 and costs on September 11, 1934. No redemption was made in the first mortgage foreclosure proceedings and on or about a year after the sheriff's sale a sheriff's deed was issued to the insurance company. On the death of Sophie Schult, in 1943, Henry Hansen succeeded her, and as administrator c. t. a. of the Christ Schult estate he assigned the judgment on the $2,500 note to Henry Schult et al., defendants, on May 23, 1944. These defendants caused execution to issue and a levy to be made on certain livestock and grain, and garnishment of certain credits of plaintiffs herein, on May 8, 1946.

Petition in this suit was filed May 27, 1946, alleging that the judgment of September 11, 1934, against plaintiffs and the execution issued thereunder were null and void at the time of the issuance of the execution and the levy.

Section 615.4, Code of 1946, is as follows:

"Former judgments without foreclosure. Judgments heretofore rendered or in actions now pending upon promissory obligations secured by mortgage or deed of trust of real estate, and upon which judgments or actions now pending the holder thereof brought suit direct upon the said promissory obligation without a foreclosure against said security, shall have no force or vitality for any purpose other than a setoff or counterclaim from and after the expiration of two years from the passage of this act* and no execution shall be issued thereon. [C35, §11033-g2;C39, §11033.4;*46 GA, ch 108, effective date, May 3, 1935.]"

The substance of the trial court's findings, judgment and decree was that the second mortgage was alive and in force and security for the judgment obligation, and the right of redemp-

tion from the sale under the foreclosure of the first mortgage was available to defendants at the time their judgment was entered and for the statutory period thereafter, and that the judgment of September 11, 1934, was void and of no force and effect after May 3, 1937.

Defendants' challenge to the holdings of the trial court is summed up thus in their argument:

"The right of redemption given to Sophie Schult by law is in itself not a security right which could be foreclosed upon as real estate security. It is purely and simply a statutory right granting a former junior lienholder the privilege to redeem the real estate security foreclosed by paying off the senior lien within the period of time as permitted by law. * * * In the case at hand, the real estate security of the second lien holder, Sophie Schult, as Executrix, vanished into thin air upon the Scott County District Court entering its foreclosure decrees in favor of the senior lien holder * * *. On September 11, 1934, this Executrix did not hold a secured promissory note. She had only an unsecured note with right of redemption. It is quite obvious, the right of redemption was not exercised by this Executrix for the practical reason the value of the land foreclosed was not sufficient to justify it."

Defendants have offered neither sound reasons nor any precedent or authority in support of their contentions. In our judgment they have no merit. Sections 615.1, 615.2, 615.3, and 615.4 comprise chapter 615, entitled "Special Limitations On Judgments," of the 1946 Code of Iowa. The first two sections were enacted at the regular session of the Forty-fifth General Assembly (chapter 178) and amended at its extraordinary session (chapter 134). The last two sections were enacted by the Forty-sixth General Assembly (chapter 108). The effect of this legislation is to amend section 624.23, Code of 1946, which provides that judgments in the state supreme or district court, or in the circuit or district court of the United States within the state, are liens upon the real estate of the defendant for a period of ten years from the date of the judgment. The apparent purpose of the legislation was to relieve judgment debtors in finan-

cial distress, and to enable them to get another start freed from the burden of years of judgment liens. Johnson v. Keir, 220 Iowa 69, 78, 261 N. W. 792.

The particular question involved has not been presented to this court before, and no decision has been cited which is directly in point. This section (615.4) has been before us in Beckett v. Clark, 225 Iowa 1012, 282 N. W. 724, 121 A. L. R. 912; Johnson v. Keir, supra, 220 Iowa 69, 261 N. W. 792; Shum v. Prow & Leffler, 230 Iowa 778, 298 N. W. 868; and Deaton v. Hollingshead, 225 Iowa 967, 282 N. W. 329, but in each case other matters were involved. There is no ambiguity in the section. It plainly states that a judgment rendered on a promissory obligation secured by mortgage of real estate in a suit direct upon said promissory obligation, without a foreclosure against said security, shall have no force or vitality for any purpose, other than a set-off or counterclaim, after two years from the passage of said section 615.4. Defendants' judgment was rendered strictly according to the provisions of the section. The promissory note and extension agreement were secured by a real-estate mortgage at the time the judgment was rendered and at all times since their inception. The judgment was procured on the promissory obligations alone, in a law action. No judgment or decree of foreclosure of the mortgage on the real estate was prayed for or taken. The judgment is clearly within the section. Every essential element therein was complied with. The judgment was of no force or validity for any purpose except as a counterclaim or set-off from and after May 3, 1937, which was two years after May 3, 1935, when the statute became effective. The execution was issued over eleven years after the statute came into effect.

The defendants concede these facts but urge that they do not make their judgment void, since at the time it was rendered the promissory obligation was without "security" because of lack of value in the property. They concede that a real-estate mortgage was executed as security for the payment of the promissory obligation, and that it was in existence and in force and unreleased when the judgment was rendered, and that the

plaintiffs herein were bound thereby. But they contend that these facts do not meet the demands of the statute. They insist that a mortgage or deed of trust of real estate executed as security for the payment of the obligation does not make the statute effective unless the value of the real-estate security is of an amount that payment of the obligation can be made out of it. The wording of the statute does not sustain such a contention. Neither the statute on its face nor a reasonable construction of it indicates that the value of the real-estate security was a factor contemplated by the legislature. The purpose of the statute was to aid the debtor. The construction urged by defendants would defeat that purpose. Christ Schult owned a note, payment of which was secured by a real-estate mortgage. The executrix procured a judgment on the note alone. This is a judgment within the letter and spirit of the statute.

Defendants argue that the decree of foreclosure caused the security to vanish into thin air. The foreclosure of the first mortgage did not change the value of the second mortgagee's security nor did it destroy it. There is no evidence that the value of the second mortgagee's security at any time changed. The only security which a second or junior mortgagee ever has in the mortgaged property is, to use the language of the street, his "equity" therein, or the amount or value of the property above the total amount of the prior liens and charges. That was the equity or value of Schult's security when he received the mortgage, and that was the value of the security, less accrued charges, on the day the insurance company took its decree of foreclosure. If, as defendants argue, there was no security after the foreclosure, then there was none before. Surely, a judgment on the note, alone, before the foreclosure, would be within the scope of the statute.

Defendants complain that the court erred in its conclusion of law that the right of redemption of a junior mortgageholder, on the foreclosure of a prior mortgage, is security. We agree with the court. The equity of redemption is a valuable right —a thing of value. It adds value to and is transferable by the mortgagor in a conveyance of the land. Likewise it is transfer-

able with and is an element of value in the sale of a second mortgage, either before or after the foreclosure of a prior mortgage. Before such foreclosure it is a general equitable right, or equity of redemption proper, inherent in every mortgage. After the foreclosure it is the statutory right to redeem. 11 Am. & Eng. Ency. of Law, Second Ed., 208. The value of the one is approximately the same as the value of the other. That value is the value of the property less the encumbrance. Or, as sometimes expressed, the value of the right or equity of redemption is the excess in value over the cost of redemption. Conway v. Sherman, 78 Iowa 588, 590, 43 N. W. 541. Speaking of the matter of redemption, Justice Evans, in Wissmath Packing Co. v. Mississippi River Power Co., 179 Iowa 1309, 1324, 162 N. W. 846, 850, L. R. A. 1917F, 790, said:

"By the terms of the mortgage, it [plaintiff] had a right to pay the debt and discharge the lien at any time. Independent of the terms of the mortgage, it had such a right as a matter of equity. This was its 'right of redemption.' This right would continue indefinitely until foreclosure sale and until one year thereafter. As a matter of terminology, the right of redemption *before* sale is often referred to as the *equitable* right of redemption, and the right *after* execution sale as the *statutory* right of redemption. Whether exercised before sale or after, the right of redemption is essentially the same. It is the right to discharge the lien by payment of the debt."

See, also, Dolan v. Midland Blast Furnace Co., 126 Iowa 254, 256, 100 N. W. 45.

In First Nat. Bk. v. Hollinsworth, 78 Iowa 575, 580, 43 N. W. 536, 538, 6 L. R. A. 92, the court quoted the following definition of "security":

" 'A security is something which makes the enjoyment or enforcement of a right more secure or certain. * * * A security on property is where a right over property exists, by virtue of which the enforcement of a liability or promise is facilitated or made more certain'." [Rap. & L. Law Dict. 1163.]

We have no doubt that the judgment of the defendants is

within the terms and the intended purpose of the statute. If the test whether a judgment is within or without said section 615.4 is the fact that the security of the mortgage is good or bad, the object of the statute may be largely nullified. In a similar case involving this section, speaking through Justice Sager, the court, in Shum v. Prow & Leffler, supra, 230 Iowa 778, 780, 298 N. W. 868, 869, said:

"The statute provides for no defense or excuse as is here set up and we may not write it in."

The statement is appropriate here. The decree is—Affirmed.

OLIVER, C. J., and HALE, GARFIELD, SMITH, MANTZ, HAYS, and MULRONEY, JJ., concur.