**HOUGHTON STATE BANK, Appellant,**

v.

**C. Marvin PETERSON, Deloris J. Peterson, and Farm Credit Bank of Omaha, Appellees.**

No. 90–1803.

Supreme Court of Iowa.

Nov. 20, 1991.

Jack E. Reusch of Telpner, Smith, Sawatzke & Ruesch, Council Bluffs, for appellant.

C.R. Hannan of Perkins, Sacks, Hannan, Reilly and Petersen, Council Bluffs, for appellees Peterson.

Steven H. Krohn of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee Farm Credit Bank of Omaha.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

Houghton State Bank, the plaintiff, has appealed a court order that quashed a general execution on real estate owned by defendants Marvin and Deloris Peterson. The narrow issue is whether the court erred by applying Iowa Code section 615.3 (1989) to prevent the bank's enforcement of a judgment beyond the statute's two-year limitation. Finding no error, we affirm.

The facts are undisputed. In 1985 the bank lent operating capital to the Petersons in exchange for promissory notes secured by a blanket security agreement covering farm equipment and crops, and a mortgage and deed of trust covering Petersons' homestead. These latter instruments were junior to mortgages held by the Farm Credit Bank of Omaha (FCBO).

When the Petersons defaulted, the bank obtained a personal judgment and foreclosed its security interest in the personal property pledged as collateral. It made no attempt, however, to foreclose its second mortgage or deed of trust because Petersons' debt to the FCBO exceeded the value of the real property. The judgment on the promissory notes was entered by the court on November 30, 1987.

Meanwhile, FCBO brought a separate suit against the Petersons to foreclose its first mortgages. As a junior lien holder, Houghton State Bank was a named defendant. Trial resulted in foreclosure of the mortgage on Petersons' homestead. But the court found FCBO's "supplemental" mortgage on Petersons' other real estate invalid and canceled the debt. FCBO appealed the latter ruling. It was ultimately

affirmed by the Iowa Court of Appeals in an unpublished opinion dated July 27, 1990.

The decision regarding the "supplemental" mortgage had the effect of elevating the bank's judgment lien to a position of priority. Thus on September 24, 1990, the bank sought a general execution on the Petersons' non-homestead real estate. The Petersons and FCBO resisted, claiming the bank waited too long to enforce its judgment. The district court agreed and quashed the execution. It is from this ruling that the bank appeals.

The appeal focuses entirely on the applicability of Iowa Code section 615.3. The statute provides:

> Judgments hereafter rendered on promissory obligations secured by mortgage or deed of trust of real estate, but without foreclosure against said security, shall not be subject to renewal by action thereon, and, after the lapse of two years from the date of rendition, shall be without force and effect for any purpose whatsoever except as a setoff or counterclaim.

Iowa Code § 615.3. Enacted in response to the Depression-era farm crisis of the early 1930s, the statute has been interpreted by courts and commentators alike as a legislative attempt to relieve the financial distress of mortgage debtors by shortening—from ten years to two—the life span of judgments secured without foreclosure proceedings. *Hell v. Schult*, 238 Iowa 511, 514–15, 28 N.W.2d 1, 3 (1947); *Johnson v. Keir*, 220 Iowa 69, 77–78, 261 N.W. 792, 796 (1935); Bauer, *Judicial Foreclosure and Statutory Redemption: The Soundness of Iowa's Traditional Preference for Protection Over Credit*, 75 Iowa L.Rev. 1, 47–48 (1985); Note, *Limitations on Post Judgment Proceedings by the Plaintiff*, 42 Iowa L.Rev. 299, 300–01 (1957). This court has previously found no ambiguity in the statute that would permit us to expand or restrict its "fresh start" provisions beyond those plainly allowed for setoff or counterclaim. *Hell*, 238 Iowa at 515, 28 N.W.2d at 3; *Shum v. Prow & Leffler*, 230 Iowa 778, 780, 298 N.W. 868, 869 (1941).

Arguing against application of the statute in this case, the bank does not contest the soundness of the authority just cited. Instead, it seeks to avoid the rule by claiming that FCBO's suit against the Petersons tolled the operation of the statute. Its tolling argument rests on the notion that although the bank was not legally prevented from levying execution while suit was pending, it was *effectively* prevented from doing so until the relative priority of the lien holders was fixed by the court and affirmed on appeal.

In support of its contention, the bank cites *Eyerly v. Board of Supervisors of Jasper County*, 77 Iowa 470, 42 N.W. 374 (1889), and *Sullivan v. Damon*, 231 F. 916 (8th Cir.1916). In each case, the court gave relief from the applicable limitation period on the ground that legal rights of the party seeking relief could not be asserted until pending litigation determining those rights was concluded. *Eyerly*, 77 Iowa at 474–75, 42 N.W. at 375; *Sullivan*, 231 F. at 918–19. The holdings conform to the general rule that, if pending litigation prevents a party from exercising a legal remedy, the delay is not counted against that party in calculating the applicable limitation period. 54 C.J.S. *Limitations of Actions* § 121 (1987).

In contrast to the situations in *Eyerly* and *Sullivan*, however, the general rule has no application to the case before us. The validity of the bank's judgment was not at issue in FCBO's suit against the Petersons. Its legal rights were firmly fixed in the prior litigation. Only the relative value of the bank's judgment was affected (in this case, enhanced) by the outcome of the later suit.

In *Hell v. Schult*, this court clearly rejected the contention that a judgment's lack of value at the time it was rendered has any bearing on the enforcement of time limits like those found in section 615.3. *Hell*, 238 Iowa at 516, 28 N.W.2d at 3. To so construe the statute, we held, would defeat the evident legislative purpose of aiding debtors. *Id.*, 28 N.W.2d at 3. And although its remedy may be harsh, the

plain words of the statute make no room for exception. *Id.* at 515, 28 N.W.2d at 3.

Because the bank took no action to enforce its judgment within the *two-year period* prescribed by section 615.3, the judgment was without force or effect. *Johnson,* 220 Iowa at 77–78, 261 N.W. at 796–97. Accordingly, the court properly quashed the bank's attempt to levy execution. Its order must be affirmed.

AFFIRMED.