Donald P. LACINA and Marilyn
J. Lacina, Appellees,

v.

Jeffrey L. MAXWELL and Brenda
Sue Maxwell n/k/a Brenda
Sue Strief, Defendants,

Lyle Zimmerman Construction
Company, Inc., Appellant,

Lyle Zimmerman, Individually, Steve
Prybil, Tom Prybil, and West Liberty
State Bank, Defendants.

No. 92–914.

Supreme Court of Iowa.

June 16, 1993.

Michael R. Mullins of Morrison, Lloyd, McConnell & Mullins, Washington, for appellant.

Bruce L. Walker and Julie L. Pulkrabek of Phelan, Tucker, Boyle, Mullen, Bright & Walker, Iowa City, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

SNELL, Justice.

The appellant in this case seeks to enjoin further collection of a deficiency judgment which resulted from the foreclosure of a real estate contract. The appellant argues that further collection efforts are barred by Iowa Code section 615.1 (1991), a special statute of limitations which limits actions on several types of judgments to two years. The district court ruled that section 615.1 does not bar action on a judgment of foreclosure of a real estate contract. We affirm.

I. *Background facts and proceedings.*

In February 1981, Jeffrey and Brenda Maxwell and appellant Lyle Zimmerman Construction Company, Inc. purchased real estate in Washington County on contract from the appellees, Donald and Marilyn Lacina. The Maxwells and Zimmerman Construction failed to make payment as provided in the contract in January 1987. The Lacinas filed a petition for foreclosure and an application for appointment of a receiver in April 1987. On December 19,

1988, the district court entered a foreclosure decree and judgment against the Maxwells and Zimmerman Construction in the amount of $468,000 with interest. The real estate subject to the foreclosure decree was sold at a sheriff's sale to the Lacinas for $265,000 and a deficiency judgment resulted.

In March 1990, the Lacinas filed an application for approval of the receivership accounting, approval of negotiation of the receivership assets, and to close the receivership. The Maxwells and Zimmerman Construction resisted the application. After a hearing on the matter, the district court entered an order on December 24, 1990, which approved the accounting as modified and closed the receivership. The Maxwells and Zimmerman Construction appealed. The Iowa Court of Appeals affirmed the district court decision in an unpublished opinion filed February 25, 1992. 487 N.W.2d 372.

In August 1989, the Lacinas filed a separate action at law against the shareholders of Zimmerman Construction, seeking to pierce the corporate veil and pursue the deficiency judgment. The action was stayed pending resolution of the receivership action. In April 1992, following the court of appeals' decision, Zimmerman Construction filed an application for permanent injunction enjoining further enforcement of the deficiency judgment.[1] Zimmerman Construction argued that Iowa Code section 615.1 prohibits enforcement of a judgment in an action for foreclosure after two years, including foreclosure of a real estate contract. The Lacinas resisted, arguing that section 615.1 expressly limits its application to foreclosure of a real estate mortgage or deed of trust and does not limit enforcement of a judgment in an action for the foreclosure of a real estate contract.

Following a hearing, the district court entered its ruling denying the application for permanent injunction. The district court concluded the legislature did not intend to include the foreclosure of a real

estate contract in the provisions of Iowa Code section 615.1. Zimmerman Construction has appealed.

## II. *Scope of review.*

An action for injunctive relief invokes the court's equitable jurisdiction. *Sayles v. Bennett Ave. Dev. Corp.*, 258 Iowa 628, 634, 138 N.W.2d 895, 898 (1965). As such, our review is de novo. *Id.;* Iowa R.App.P. 4.

## III. *Analysis.*

■ Iowa Code section 615.1 (1991), states:

> From and after January 1, 1934, no judgment in an action for the *foreclosure of a real estate mortgage or deed of trust* or [other actions not relevant here] shall be enforced and no execution issued thereon and no force or vitality given thereto for any purpose other than as a setoff or counterclaim after the expiration of a period of two years from the entry thereof.

(Emphasis added.) Zimmerman Construction argues this statute of limitations should also extend to the foreclosure of a real estate contract, though it is not expressly mentioned in the statute. The issue, whether section 615.1 includes a limitation on the enforcement of a judgment of foreclosure of a real estate contract, is one of pure statutory construction.

Zimmerman Construction bases its argument on the premise that Iowa Code chapter 654, Foreclosure of Real Estate Mortgages, should be read in conjunction with section 615.1. Chapter 654 governs the rights, remedies, and procedures to be employed in foreclosure actions. *See Junkin v. McClain*, 221 Iowa 1084, 1091, 265 N.W. 362, 366 (1936). The chapter provides that some similar actions will be governed by the dictates of the statute. Section 654.2 provides that deeds of trust will be foreclosed under the mortgage foreclosure procedures, and section 654.12 states, "[t]he vendee shall in such cases, for the purpose

---

1. The Maxwells had settled with the Lacinas, did not join this application, and are not part of this appeal.

of foreclosure, be treated as a mortgagor of the property purchased, and the vendee's rights may be foreclosed in a similar manner." Thus, a real estate contract is foreclosed upon just as a real estate mortgage. *Id.* From here, Zimmerman Construction argues that a contract vendor should be bound by the same two year statute of limitations as a real estate mortgagee under section 615.1. We do not agree.

■ The judgment in the underlying action is not among those judgments expressly listed in section 615.1. While the section does list the mortgage foreclosure and deed of trust, it unambiguously omits foreclosure of a real estate contract. This court may not, under the guise of construction, enlarge or otherwise change the terms of a statute. *State v. Jones,* 464 N.W.2d 241, 242 (Iowa 1990). The express mention of one thing in a statute implies the exclusion of others. *State v. Hatter,* 414 N.W.2d 333, 337 (Iowa 1987). Real estate contract foreclosure is not included in the section.

■ Zimmerman Construction further argues that we should construe section 615.1 to include a real estate contract foreclosure because the legislature used terms "indiscriminately" throughout chapter 654. While chapter 654 may have used "mortgage," "deed of trust," and "real estate contract" fairly interchangeably, the chapter is clear that all the sections apply to all three actions unless otherwise stated. There is no such implication in chapter 615. The legislature included "mortgage" and "deed of trust," but chose not to extend the limitation to parties to a real estate contract. When construing a statute, the court looks to what that legislature actually said, rather than what it should or might have said. *Id.*

Zimmerman Construction finally asserts that chapter 654 provides a policy that the rights, remedies, and procedures of foreclosure should apply equally to all, and one who forecloses on a mortgage should have no greater right than one who forecloses on a real estate contract under the provisions of chapter 654. Section 654.12 pro-

vides that a vendee shall be treated as a mortgagor "for the purpose of foreclosure." Zimmerman Construction asks that this include foreclosure as it appears in all statutes, not just chapter 654.

■ It is true that the special statute of limitations was passed with the legislative purpose of aiding judgment debtors. *Cf. Houghton State Bank v. Peterson,* 477 N.W.2d 94, 95–96 (Iowa 1991); *Hell v. Schult,* 238 Iowa 511, 514–15, 28 N.W.2d 1, 3 (1947). Yet, section 615.1 is plain and unambiguous; we must decline to extend its protection to the real estate contract debtor.

**AFFIRMED.**