**FEDERAL LAND BANK OF OMAHA, Appellee,**

v.

**Donald J. WOODS and Lola Jean Woods, Appellants.**

No. 93–113.

Supreme Court of Iowa.

July 27, 1994.

Larry F. Woods, Oelwein, for appellants.

Dale L. Putnam, Decorah, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

CARTER, Justice.

Appellants, Donald J. Woods and Lola Jean Woods (the Woods), appeal from the judgment entered on remand following a prior appeal in this litigation. The judgment creditor is Federal Land Bank of Omaha (the bank). The Woods also appeal from the denial of a motion to quash execution on the judgment entered following remand. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

On January 22, 1992, we decided the sixth appeal in this protracted litigation. Our opinion in that matter, published as *Federal*

*Land Bank of Omaha v. Woods,* 480 N.W.2d 61 (Iowa 1992) (*Moser VI*), recounts the prior history of the litigation. We will not repeat that recitation in this opinion. In *Moser VI,* we held that the amount owing to the bank by the Woods was more than the sum awarded to the bank in the district court's judgment of May 4, 1990. We therefore reversed that judgment and remanded the case to the district court for the entry of a new judgment in the amount this court had found to be owing plus an additional award of attorney fees for the bank to be established by the district court.

Procedendo on the *Moser VI* decision reached the district court on February 12, 1992. The district court held a hearing on the matter of the additional attorney fees, and subsequently, on November 5, 1992, entered judgment in favor of the bank and against the Woods for the amount of attorney fees it found due plus the other amounts that this court found to be owing to the bank in the *Moser VI* decision.[1] The Woods objected to the amount of the attorney fee allowed and further asserted that the court, in entering judgment, improperly compounded the amount of interest accruing subject to the filing of the bank's petition.

On November 12, 1992, execution was issued on the November 5 judgment. The Woods moved to quash that writ under Iowa Code section 615.3 (1991) on the ground that the judgment on which it was based was unenforceable because of lapse of time. In making that challenge, the Woods contended that the two-year limitation on enforcing judgments should, in the present case, be measured from the May 4, 1990 judgment that produced the *Moser VI* appeal. The motion to quash execution based on this theory was denied. This appeal followed.

I. *The Enforcement of the Judgment Under Section 615.3.*

■ The Woods contend that section 615.3 rendered the bank's judgment unenforceable two years following the entry of the original judgment against them on May 4, 1990. The subsequent appeal, they urge, did not toll the

1. This judgment was in part by nunc pro tunc entry filed November 9, 1992.

running of the enforcement period that statute imposes. They seek support in that view from our decision in *Houghton State Bank v. Peterson,* 477 N.W.2d 94 (Iowa 1991).

We find the Woods' argument to be without merit. The appeal that was relied upon to toll the statute in the *Houghton* case was not from the judgment later sought to be enforced. We suggested in that case that the result might have been otherwise if it had been. The bank's position does not depend on that being true, however, because the present issue does not involve tolling. The *Moser VI* appeal was over and procedendo had issued nearly three months before section 615.3 would have barred execution on a judgment entered on May 4, 1990. Because, however, that judgment had been reversed, the bank had no basis for causing execution to issue until a new judgment was issued following remand. That occurred on November 5, 1992, and triggered a fresh two-year enforcement period under section 615.3.

## II. *The Attorney Fee Issue.*

The Woods argue that the amount awarded in the judgment for the bank's attorney fees in this litigation was excessive. No attorney fees were allowed by the district court at the time the original judgment was entered because the Woods had prevailed on a substantial part of their defense. We ordered, however, in *Moser VI,* 480 N.W.2d at 70, that on remand the district court should affix an allowance of attorney fees for the bank for the entire litigation, including the appeal.

■ Following an evidentiary hearing after remand, the district court found that the bank had expended for attorney fees in this litigation: $13,630 for legal services prior to the first trial (billed at $75 per hour); $22,-430 for services from commencement of trial to conclusion of the appeal (32 hours of which was billed at $85 and the balance at $75 per hour). From these totals, the district court deleted certain claimed out-of-pocket expenses and adjusted attorney fees claimed for hours traveling to court. The amount of attorney fees and expenses that the court ultimately approved for inclusion in the judgment was $34,354.

Although the Woods urge that the sum allowed by the court was excessive, it appears to have been based on a reasonable hourly rate for efforts found reasonably to be required by the pending litigation. The district court enjoys a rather broad discretion in establishing the amount of attorney fees that may be recovered pursuant to Iowa Code section 625.22. *3 S Inc., Co. v. Zarek,* 504 N.W.2d 153, 156–57 (Iowa App.1993). There is no indication that the court abused its discretion in the present case.

■ The Woods also seek to relitigate on a new legal theory their claim in *Moser VI* that the attorney fee award must be capped by the statutory fee schedule in force at the time they executed the promissory note on which the bank's claim is based. Our holding, at 480 N.W.2d 70, is the law of the case on that issue and may not be challenged in subsequent proceedings based on a new legal theory. The district court properly followed our directive that the statutory cap on recovery of attorney fees at the time of the note's execution had been subsequently repealed and was nonapplicable.

■ In concluding discussion of the attorney fee issue, we are required to respond to the bank's contention that, as a result of the present appeal, it is entitled to recover additional fees. We find that contention to be correct. Rather than remanding the case to the district court for yet another evidentiary hearing, we order that an additional sum of $15,172 be added to the judgment to cover those services performed and expenses incurred by the bank's attorneys since the district court's last order on attorney fees.

## III. *The Compound Interest Issue.*

As a final matter, we consider the Woods' claim that the judgment entry served to improperly compound the contractual interest they agreed to pay (at a rate of nine percent per annum) at a new decree rate of ten percent per annum. This occurred, they suggest, because the district court imposed decretal interest at a rate of ten percent per annum pursuant to Iowa Code section 535.3 from the date of the original judgment on May 4, 1990.

■ We find that two legal principles apply to control the disposition of this final

issue. The first principle is that interest accruing on an obligation prior to entry of judgment is part of the damages to be awarded by the court in the judgment. *Failing v. Clemmer*, 49 Iowa 104 (1878). This requires the court, at some point, to aggregate the total of principal and interest owing into a single sum. Decretal interest under section 535.3 is then imposed on that aggregate. Prior to the 1980 amendment to section 535.3, which provides that interest on the judgment relates back to the date of the filing of the petition, the time for aggregation of principal and accrued interest was the date of judgment. Since that amendment, this aggregation more properly should take place as of the date of filing and accrued interest should be computed only to that date.

The district court in the present case imposed the aggregation of interest and principal as of the date of the initial judgment. Although that was technically incorrect, it produced a result more favorable to the Woods than would have existed if the date of filing the petition had been employed. Consequently, the Woods may not complain of the mistake.

The second principle that comes into play on the Woods' challenge is that ordinarily it is the role of an appellate court in ordering judgment on remand to establish that judgment as it should have been if correctly entered in the initial proceeding. *See Thomas v. Minner*, 340 N.W.2d 285, 288 (Iowa 1983). The district court properly applied this principle in the present case by formulating the new judgment in the context of a May 4, 1990 decree.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed. The case is remanded to that court for the sole purpose of entering judgment for the additional sum that we have directed to be recovered by the bank as attorney fees for the latest proceedings in the litigation.

**AFFIRMED AND REMANDED.**